UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 3710-12 NORTH TROY LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:24-cv-4164 |
| SENECA INSURANCE COMPANY, INC., | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, 3710-12 North Troy LLC, by its undersigned attorneys, for its Complaint against Defendant, Seneca Insurance Company, Inc., states as follows:

1. Plaintiff, 3710-12 North Troy LLC, was and is an Illinois citizen, being an Illinois limited liability company with its principal place of business in Chicago, Illinois, and the owner of the apartment building located at 3710-3712 North Troy Street in Chicago, Illinois ("the Building").

2. Bill Conforti, who is domiciled in Chicago, Illinois, is the sole member of 3710-12 North Troy LLC.

3. Defendant, Seneca Insurance Company, Inc. ("Seneca"), is a New York citizen, being a New York corporation with its principal place of business in New York, New York.

4. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to the claim occurred in this judicial court. Additionally, Seneca does business and/or

transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

6. Seneca issued to Plaintiff a commercial property insurance policy effective from August 3, 2021 to August 3, 2022 ("the insurance policy"), a copy of which is attached as Exhibit A.

7. Under the insurance policy, Seneca insured against direct physical loss of or damage to the Building caused by fire.

8. The insurance policy also provided coverage for the actual loss of business income sustained due to the necessary suspension of operations during the period of restoration.

9. On or about April 25, 2022, while the insurance policy was in full force and effect, the Building was damaged by fire, suspending Plaintiff's normal operations and resulting in a loss of business income ("the fire loss").

10. Plaintiff duly submitted a claim to Seneca for benefits under the insurance policy.

11. Plaintiff has substantially performed all post-loss duties required by the insurance policy to be performed by it, requested of it, and/or not waived by Seneca including, but not limited to, paying the premium for the insurance policy, giving prompt notice of the loss, exhibiting the Building for inspection, cooperating with the investigation of the fire loss, and timely filing suit.

12. It is Seneca's contractual duty to pay Plaintiff for the amounts due under the insurance policy for the covered fire loss, including the cost to repair/replace the fire damage to the Building and for its loss of business income as a result of the suspension of its normal operations due to the fire loss.

13. Although requested to do so, Seneca has failed and refused to pay Plaintiff for all of the covered fire loss, which failure and refusal constitutes a breach of the insurance policy.

14. This breach of the insurance policy was and is the direct and proximate cause of damage to Plaintiff in an amount in excess of $75,000.

15. Plaintiff also seeks consequential damages it suffered as a result of Seneca's breach of the insurance contract. Those consequential damages include loss of business income in the form of loss of rents.

16. At the time the insurance contract was entered into on August 3, 2021, Plaintiff leased the Building as a source of business income.

17. The insurance policy contains provisions contemplating loss of business income from the rental of the Building in the event of a covered loss that renders the Building untenantable.

18. The Building was untenantable after the fire loss.

19. It was reasonably foreseeable and within the contemplation of the parties at the time the insurance contract was executed that consequences of Seneca's delay in payment of the fire loss and ensuing claim could include Plaintiff's inability to rent the Building and loss of rental income beyond the 12-month limit afforded by the insurance contract.

20. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff is entitled to prejudgment interest.

WHEREFORE, Plaintiff, 3710-12 North Troy LLC, prays for judgment in its favor and against Defendant, Seneca Insurance Company, Inc., in an amount in excess of $75,000, plus prejudgment interest and costs.

**Plaintiff demands a trial by jury.**

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina M. Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
*Attorneys for Plaintiff*